# WHEELING.

## Ex parte Garrison.

Submitted June 16, 1892.—Decided June 16, 1892.

1. Misdemeanors—Involuntary Manslaughter.
   Involuntary manslaughter is a misdemeanor under the Code of West Virginia and punishable, at the discretion of the Court, by fine or imprisonment in jail, either or both.

2. Misdemeanor—Discretion of Court.
   A misdemeanor, where no statute fixes the punishment, is

punished by fine or imprisonment in jail, or both, at the discretion of the court.

*W. W. Arnett* for petitioner.

Attorney-General *Alfred Caldwell* for the State.

BRANNON, JUDGE:

George I. Garrison presented his petition to this Court stating, in effect, that on the 27th May, 1892, in the Circuit Court of Ohio county, he was by a jury found guilty of involuntary manslaughter upon an indictment charging him with the murder of George Baird, and sentenced to imprisonment for seven months in jail, and to pay a fine of two hundred and fifty dollars; and that said judgment is utterly and absolutely without authority of law, either statute or common, there being no penalty for involuntary manslaughter; and praying the court to award him a writ of *habeas corpus* to discharge him from such alleged unlawful imprisonment. The Attorney-General demurred to the petition and objected to the issuance of the writ.

The single question presented to us for decision is whether there is any punishment under the law of this State for involuntary manslaughter.

Involuntary manslaughter has been for centuries a degree of criminal homicide, and an offence under the common law, and classified as a felony with benefit of clergy, and was punishable by burning in the hand, and forfeiture of goods and chattels (4 Bl. Comm. 193) and more severely under the statute in the reign of George IV. It would seem very strange if this grave offence, the unlawful killing of man, after having continued a punishable offence so long, should in our day be utterly free from any punishment, and that this result has been brought about by the legislature.

Let us see if our legislation is open to this reproach. Chapter 144 of our Code, after prescribing the punishment for murder in the first degree, murder in the second degree and voluntary manslaughter, provides that "involuntary manslaughter shall be a misdemeanor;" and though it prescribes no punishment, yet it enumerates it among the de-

grees of criminal homicide, thus reducing it from the grade of felony, but stamping it as a misdemeanor. Another part of our Code (section 1, c. 152) says: "Offences are either felonies or misdemeanors. Such offences as are punishable with death or confinement in the penitentiary are felonies; all other offences are misdemeanors."

Thus it is clear that involuntary manslaughter under our Code is a misdemeanor—an offence; for misdemeanor is a common-law term importing a public, indictable wrong or offence below the grade of felony.

But though the statute makes it a misdemeanor, no punishment is imposed upon this offence by statute; but we must not thence conclude that it is exempt from punishment. We must then see whether the common-law visits it with punishment, and what such punishment is. Here a reference to the authorities makes it clear that involuntary manslaughter is punishable by fine or imprisonment in jail, either or both, at the discretion of the court.

1 Russ Crimes, 43, says: "The word 'misdemeanor,' in its usual acceptation, is applied to all those crimes and offences for which the law has not provided a particular name; and they may be punished, according to the degree of the offence, by fine or imprisonment, or both."

The great American law writer, Bishop, in his work on Criminal Law (volume 1, § 940) states the correct law, thus: "The ordinary and appropriate common-law punishment for misdemeanor is fine and imprisonment, or either of them, at the discretion of the court. It extends to all cases in which the law has not provided some other specific penalty. For example, when a statute forbids or commands an act of a public nature, but is silent as to the punishment, the common-law imposes for disobedience a fine and imprisonment."

I need not further quote from the books, as all speak to the same effect. *Canada's Case*, 22 Gratt. 899, 910; 3 Bac. Abr. "Fines & Amerce." p. 628; 1 Chit. Crim. Law, 710 Desty, Crim. Law, § 51a; 2 Inst. 131; 4 Amer. & Eng. Enc. Law. 727; 2 East, P. C. 838; 1 Arch. Crim. Pr. & Pl. 591; Bish. St. Crimes, § 873.

Assault and battery, generally punished by fine, and in

grave cases by imprisonment also, is a daily instance in our courts of the application of this law. I know no limit to the fine and imprisonment save the constitutional clause that cruel and unusual punishment shall not be inflicted, and penalties shall be proportioned to the character and degree of the offence.

Our Code, in section 20, c. 159, enacts that, "on an indictment for felonious homicide, the jury may find the accused not guilty of the felony, but guilty of involuntary manslaughter." Find him guilty for what purpose? Only to turn him loose without a particle of punishment? That would be an absurdity. The Code, in section 22, c. 152, provides that the court shall fix the term of confinement in jail, and the amount of fine, on conviction of a misdemeanor, unless when otherwise provided, as was done in this case.

In Virginia, a party indicted for murder was found guilty of involuntary manslaughter and discharged, but the court, at the same term being satisfied of its error in discharging him fined him five hundred dollars and imprisoned him six months, and upon a *habeas corpus* sued out by him the Supreme Court held that it was error to discharge him, and proper to impose the fine and imprisonment, the opinion by Judge ANDERSON saying that the verdict was a conviction for a misdemeanor; that involuntary manslaughter is an offence against the law punishable by fine and imprisonment. The Virginia statute was like ours. *Price's Case*, 33 Gratt. 819. We can not sustain the position assumed in behalf of petitioner, and we refuse to award the writ of *habeas corpus*.

WRIT DENIED.