# CHARLESTON.

## Sigler *v.* Beebe.

### Submitted February 1, 1898—Decided April 2, 1898.

1. CONTRACTS—*Construction of Contracts—Lumber.*

    Where, by a contract in writing, S. agrees to saw a certain number of trees at a stipulated price per thousand feet, which price is to be paid upon estimates at certain intervals, at the rate of eighty-five per cent. on each estimate, and whatever residue may remain unpaid at the completion of the sawing shall be paid when the lumber is loaded on the cars for shipment, and that the

measurement on board the cars when the lumber is ready to be shipped shall be the final estimate and basis of settlement, the balance remaining unpaid shall be regarded as the basis of settlement, unless fraud or unfairness is shown in the measurement and delivery of said lumber on the cars, in which instance the jury may ascertain the amount thereof, and price to be paid therefor, from the evidonce before them.   (p. 592).

2.  NEW TRIAL—*Verdict—Evidence.*
    A new trial, asked on the ground that the verdict is contrary to the evidence; ought to be granted only in a case of plain deviation from right and justice,—not, in a doubtful case, merely because the court, if on the jury, would have given a different verdict. (p. 593).

3.  NEW TRIAL—*Verdict—Evidence—Appellate Court.*
    Where a motion for a new trial is made on the ground that the verdict was contrary to the evidence, and the motion is denied, the opinion of the court which tried the cause is, on such point, entitled to great respect in the appellate court; and the appelate court will grant such new trial only in case of a plain deviation from right and justice.   (p. 593).

Error to Circuit Court, Braxton County.

Action by W. D. Sigler. against Dillon Beebe's Son. Plaintiff had judgment, and, defendant's motion for a new taial being overruled, he brings error.

*Affirmed.*

W. E. HAYMOND, for plaintiff in error.
LINN & BYRNE, for defendant in error.

ENGLISH, JUDGE:

On the 7th day of April, 1894, W. D. Sigler brought an action of trespass on the case, in *assumpsit*, against Dillon Beebe, Jr., doing business in the name of Dillon Beebe's Son, in the circuit court of Braxton county, to recover the price and value of certain lumber cut and sawed under a contract in writing dated June 16, 1892, which is fully set forth in the declaration, by which, in consideration of the the price therein mentioned, said Sigler agreed to cut, remove and saw into lumber one hundred and seventy-nine poplar trees and one walnut tree, belonging to said Dillon Beebe's Son, on the land of George H. Whytsell, in said county, at seven dollars per thousand feet in the board;

the price to be paid at stated intervals, every thirty days, by estimates; these estimates to be the basis of payment. The said contract also contained the following clause: "Whatever residue may remain unpaid at the completion of said sawing shall be paid when the said lumber is loaded on the cars for shipment; the sawing to commence on or about the 15th of August next, and to continue same faithfully to completion. It is agreed between the parties hereto that the measurement on board the cars when the lumber is ready to be shipped shall be the final estimate and basis of settlement." A demurrer was interposed to the declaration, which was overruled by the court; and as the action of the court in overruling the same is not relied upon as error, or insisted upon in argument as improper, I conclude that the objection to the declaration is waived; and, whether such be the case or not, I see no objection to the declaration, or the action of the court in overruling said demurrer.

The parties introduced their testimony before the jury, asked instructions, and submitted the case, which resulted in a verdict of one thousand two hundred and thirty-two dollars and twenty-one cents for the plaintiff. The real question at issue in the case being as to whether the lumber had been measured in accordance with the contract, and the correct amount ascertained, a special interrogatory was submitted to the jury, in the following words: "Was there any fraud in the measurement of the lumber in question, as shipped by car by defendant?" To which interrogatory the jury responded: "We, the jury, believe it to be a fraudulent measurement." The defendant thereupon moved the court to set aside said verdict and grant him a new trial, on the ground that the verdict was contrary to the evidence, and also because of certain exceptions taken in the progress of the trial, which motion was overruled. During the progress of the trial several bills of exception were taken to the ruling of the court, from the first of which it appears that after said written contract was read in evidence the plaintiff offered to prove by his own statement certain measurements of the logs in the woods, to the introduction of which evidence of measurement the defendant objected; but the court overruled said

objection, and permitted the plaintiff to state his measurements of the logs as set out in the certificate of evidence, to which action of the court the defendant excepted. The action of the court in permitting this evidence to go to the jury is claimed to be error by the appellant. Can we say that the assignment is well taken? The contention on the part of the plaintiff was that the lumber never had been properly measured in accordance with the contract. This controversy arose after the lumber had been shipped, and there was no opportunity left for remeasurement. One means of approximating the amount of lumber received by the defendant on board the cars, and uncovering the fraud in the measurement, if any existed, was the one proposed by the plaintiff,—by proving the measurement of the logs in the woods that were subsequently sawed. As is suggested by counsel for defendant in error, suppose that the defendant, Beebe, without regarding his contract, had sold and shipped all of his lumber without measuring any of it; would the plaintiff be precluded from resorting to other evidence to show that there was a fraudulent statement of the amount rendered, or to approximate the true amount received and shipped by the defendant? Surely not. In the case of *Railroad Co.* v. *Henry*, 25 Am. & Eng. R. Cas. 270, in which it appears that excavations were to be made and paid for on estimates made by the engineer, it was held that, where parties to such a contract submit such a matter to the decision of the engineer, his determination is final and conclusive, unless in making it he has been guilty of fraud, misconduct, or such gross mistake as would imply bad faith, or a failure to exercise an honest judgment; citing *Railroad Co.* v. *March*, 114 U. S. 549, (5 Sup. Ct. 1035). "But this decision must be in accordance with the contract. * * * He decides under the legal construction of the contract, and not upon such construction as he may choose to give it. He is not made the arbitrator, to whom are to be referred differences as to the meaning of the contract, and he cannot adopt rules of measurement that it does not authorize." In the case at bar the evidence discloses the fact that the party who was intrusted with the measurement of the lumber in controversy was on several occasions intoxicated, and incapable of attending

properly to his duties, while attempting to measure the lumber; that the yard was small, and the lumber sawed by plaintiff was frequently mixed with other lumber, and some of it sold in Sutton, of which no account appears to have been returned. Such being the case, the circuit court committed no error in allowing proof as to the measurement in the log, in order to approximate the amount sawed, for which the plaintiff was entitled to receive payment, under the contract.

The court was asked, by the plaintiff, to instruct the jury as follows : "If the jury believe from the evidence that the defendant did not measure and render a true account of the measurement of all the lumber sawed by the plaintiff, and delivered by the defendant, under the contract aforesaid, then the jury have the right to ascertain the true quantity thereof, and the price to be paid therefor, from the evidence before them." This instruction was objected to by the defendant, and, as I think, the objection was properly overruled by the court, for the reason that the evidence shows that the party who pretended to measure the lumber was not at all times competent when so engaged, because, as above stated, some of the lumber was sold in Sutton, and was never measured on board the cars and accounted for, and some was mixed with other lumber, so as to make it difficult to properly measure it.

The defendant asked the court to give the jury the following instructions: "No. 1. The court instructs the jury that the burden is on the plaintiff to prove his claim and right to recover by a preponderance of the evidence. No. 3. The court instructs the jury that the measurement of lumber for basis of final settlement between the plaintiff and defendant must be the measurement when placed on board the cars. No. 4. The court instructs the jury that the evidence of the plaintiff as to the measurement of lumber in the log should not be considered by the jury unless there has been proved, to the satisfaction of the jury, by a preponderance of the evidence, that the measurement as loaded on cars was fraudulent, or that there was mistake therein. No. 5. The court instructs the jury that the plaintiff is not entitled to recover, as final settlement on

sawing claimed by him, for any quantity of lumber except such as there should be, by a fair measurement, as loaded on the cars.   No. 6.  The court instructs the jury that, if the plaintiff relies upon impeaching the measurement as lumber was loaded on the cars, he must do so by full, clear, and satisfactory proof."    The plaintiff objected to instructions 3, 4, and 5, and the court sustained said objection as to No. 4, and modified No. 3 by adding thereto the following: "Unless fraud be shown in such measurement."    This action of the court is assigned as error, but I cannot think the assignment is well taken.    Instruction No. 4 was properly rejected for the reason already stated, —that a portion of the lumber was not shipped on the car, or measured on board of the same.  The instruction seeks to confine the ascertainment of the result to the measurement as loaded on cars, when part was sold in Sutton; and the testimony shows that the lumber was mixed with other lumber in the yards, and what was measured was done frequently by an agent who at the time was intoxicated, and thereby incompetent.   Instruction No. 3, in the shape it was offered, was properly rejected, and should not have gone to the jury until the modification was added by the court.

The fourth and last assignment of error relied upon by plaintiff in error relates to the action of the court in overruling the motion to set aside the verdict and award it a new trial, because it is contrary to the evidence, and because there is no allegation of fraud or mistake in the declaration, warranting any proof impeaching the measurement made by defendant's agents as it was shipped on the cars.   That fraud in measurement may be shown under common counts, see *Railroad Co.* v. *Lafferty*, 14 Grat. 478; *Railroad Co.* v. *Polly*, *Id.* 463; and *Railroad Co.* v. *Lafferty*, 2 W. Va. 104.  Can we say that the court erred in overruling the motion to set aside the verdict, and in entering judgment thereon?    The evidence adduced before the jury was conflicting.   The witness testified in the presence of the jury and the trial court, who had an opportunity of observing their manner while delivering their testimony; and this Court has held, in the case of *Jones* v. *Manufacturing Co.*, 38 W. Va. 148, (18 S. E. 478), that a

new trial, asked on the ground that the verdict is contrary to the evidence, ought to be granted only in the case of plain deviation from right and justice,—not, in a doubtful case, merely because the court, if on the jury, would have given a different verdict,—and that where a motion for a new trial is made on the ground that the verdict was contrary to the evidence, and the motion is denied, the opinion of the court which tried the cause is on such point entitled to great respect in the appellate court, and the appellate court will grant such new trial only in case of a plain deviation from right and justice. Looking, then, at the entire evidence certified to us in this case, and applying the former rulings of this Court upon questions of like character, my conclusion is that the circuit court committed no error in overruling the defendant's motion for a new trial, or in its rulings upon the instructions prayed for by plaintiff and defendant; and for these reasons the judgment complained of is affirmed, with costs and damages.

*Affirmed.*