# CHARLESTON.

## STATE v. McKAIN.

Submitted September 9, 1904.    Decided November 1, 1904.

1.  ASSAULT AND BATTERY— *Jurisdiction.*

    Assault and battery is an offense at common law, and cognizable as such by our circuit courts, and other courts which exercise like jurisdiction in such cases. Upon conviction of the accused upon an indictment for assault and battery, the court may impose upon him a fine, or imprisonment, or both, at its discretion, limited only by the constitutional inhibition that excessive fines shall not be imposed, nor cruel and unusual punishment inflicted. (p. 131).

Error to Circuit Court, Marion County.

Charles J. McKain was convicted of assault, and brings error.

*Affirmed.*

C. H. LEEDS, for plaintiff in error.

C. POWELL and ATTORNEY GENERAL, for the State.

MILLER, JUDGE:

C. J. McKain was indicted in the circuit court of Marion county for assault and battery upon Mrs. J. H. Downey. The

indictment is in the usual form. It was certified by the circuit
court to the "Intermediate court" of that county, in pursuance
of the act of the Legislature relating thereto, and was therein
docketed for trial. Afterwards, in the last mentioned court,
the defendant asked leave to file his special plea in writing of
*autre fois acquit,* which being objected to by the State, the ob-
jection was sustained, and leave to file the same was refused.
Thereupon the defendant excepted to the ruling of the court.
The defendant then entered his plea of not guilty, upon which
issue was joined, and a jury, after hearing all of the evidence
adduced, by both the State and the defendant, found the de-
fendant guilty of an assault. A motion by the defendant to set
aside the verdict and grant him a new trial was overruled by the
court; and a judgment was then rendered that the State recover
from the defendant a fine of twenty-five dollars, and the costs
of the prosecution; and that the defendant be also imprisoned in
the county jail for the period of sixty days.

A writ of error to this judgment was refused by the circuit
court of said county, but, on petition of defendant, such writ,
with *supersedeas,* was allowed by one of the Judges of this Court.

Plaintiff in error insists that the rejection of his special plea,
the introduction of certain evidence objected to by him, the re-
fusal to allow other evidence offered by him to go to the jury,
and the refusal of the court to set aside the verdict and grant
him a new trial on the ground that said verdict was and is con-
trary to the evidence, were and are prejudicial to him. All the
evidence given to the jury is made part of the record. The paper
offered by defendant as his plea of *autre fois acquit* is in the
words and figures following:

"And the said Charles J. McKain, in his own proper person,
here now comes into Court, and having heard the said indict-
ment read to him, says: that the State ought not further to
prosecute the said indictment against him, the said Charles J.
McKain; because he says that heretofore, to wit, on the 26th day
of May, 1902, before A. L. Lehman, Mayor of the City of Fair-
mont, Marion county, W. Va., at the office of said Mayor, in said
city, County and State, the said Charles J. McKain was tried
and acquitted, for, and of the said offense charged in the said
indictment aginst him; that the said Henry Downey, one of
the prosecuting witnesses named in the said indictment, was, on

the day and year aforesaid a special officer or *poilceman* in the employ of the Baltimore and Ohio Railroad Company, a corporation, that he, the said Henry Downey, on the ———— day of May, 1902, arrested him, the said Charles J. McKain, while he, the said Charles J. McKain, was a passenger at the Baltimore and Ohio Passenger depot, in the said City of Fairmont, and confined him, the said Charles J. McKain, in the jail of said City of Fairmont. That on the day and year first above mentioned, he, the said Henry Downey, appeared before the said A. L. Lehman, Mayor, then and there Mayor of said City of Fairmont, as aforesaid, and preferred charges, and made information against him, the said Charles J. McKain, to wit: on the day and year last aforesaid was, and had been guilty of drunkenness and disorderly conduct, on which said charge the said Mayor, on the day and year first above mentioned, tried the said Charles J. McKain, and after hearing all of the evidence adduced against him, the said Charles J. McKain, on the said trial, the said Mayor promptly then and there on said 26th day of May, 1902, discharged and fully acquitted him, the said Charles J. McKain of each and all of the said offenses, as by the record thereof will appear, which judgment remains in full force and effect and has not in the least been reversed or made void.

"And the said Charles J. McKain, in fact says: That he is the said Charles J. McKain; that the said Charles J. McKain so tried and acquitted as aforesaid, and the Charles J. McKain named in the said indictment are one and the same person, and not other and different persons; that the offense of which he, the said Charles J. McKain was charged, tried, and acquitted, as aforesaid, and the offense of which he, the Charles J. McKain is now indicted are one and the same, and not other and different offenses. And this he, the said Charles J. McKain is ready to verify. Wherefore he prays judgment, and that by the court he may be dismissed and discharged from the said premises in the present indictment specified."

This paper is plainly insufficient, as a plea of *autre fois acquit*, and was properly rejected by the court. See Bishop's Directions and Forms, section 1043; 2 Whart. Prec. Indictments and Pleas, 693, and cases cited. The evidence certified is somewhat conflictory and contradictory. The jury is the judge of the weight and credit to be attached to the evidence. It is only in cases of

manifest abuse, or plain departure from right and justice that the court can interfere with the finding of a jury in such matters by granting a new trial. *Gwynn* v. *Schwartz,* 32 W. Va. 487; *Ross* v. *Gill,* 1 Wash. (Va.) 88; *McDowell* v. *Crawford,* 11 Grat. 377; *State* v. *Hurst,* 11 W. Va. 75; *Sheff* v. *City of Huntington,* 16 W. Va. 307.

Where a motion for a new trial is made on the ground that the verdict is contrary to the evidence and the motion is denied, the opinion of the court which tried the case is on such point, entitled to great weight; and the appellate court in such case will not grant such new trial, unless there has been a plain deviation from right and justice. *State* v. *Hunter,* 37 W. Va. 744; *Jones* v *Singer Mfg. Co.,* 38 W. Va. 147; *Segler* v. *Beebe,* 44 W. Va. 587.

The judge of the trial court saw the witnesses, heard them testify, and passed upon their evidence. The circuit court reviewed the case upon the whole record. The two courts have held that the verdict is not erroneous. We are of the same opinion.

But the defendant in error also contends that the judgment rendered against him is unauthorized by law, and cites Code, ch 50, sec. 219, sub-sec. 2, which provides that fines imposed by justices for assault and battery shall not be less than five dollars, nor more than fifty dollars. No power to imprison is thereby given. The jurisdiction of justices is conferred by statute. They can lawfully exercise none, not so granted. They have no common law powers.

This statute does not apply to indictments for assault and battery, prosecuted in the circuit, or other courts which have like jurisdiction in such cases. Assault and battery is an offense at common law, and is cognizable as such by our circuit courts. The said intermediate court exercises the same powers, (subject to review), upon the trial of indictments, certified to it by the circuit court, which the circuit court could have exercised. Upon conviction of the accused, the court may impose upon him a fine, or imprisonment, or both, in its discretion, limited only by the constitutional inhibition that excessive fines shall not be imposed, nor cruel and unusual punishment inflicted. *Ex parte Garrison,* 36 W. Va. 686, 689.

We find no error, and therefore affirm the judgment.

*Affirmed.*