### DETERMINED BY THE

# SUPREME COURT OF APPEALS

### OF

# WEST VIRGINIA

## CHARLESTON.

### STATE v. SHELTON.

Submitted March 7, 1916.   Decided March 21, 1916.

1. INDICTMENT AND INFORMATION—*Duplicity—Election.*

   When an indictment contains two or more counts—all good,— and the charges therein are of the same general character, and the counts are manifestly inserted to meet different phases of the evidence, the indictment will not be quashed, neither will the prosecuting attorney be required to elect on which count he will proceed to trial.   (p. 2).

2. GAMING—*Keeping of Common Gaming House—Elements of Offense.*

   It is not material that a common gaming-house should be kept for lucre or profit, and in a prosecution for such offense, the court may instruct the jury that it is not necessary for the State to show that the defendant kept the gaming-house for gain or lucre or profited therefrom.   (p. 3).

3. CRIMINAL LAW—*Refusal of Instruction Covered.*

   Where a proper instruction has already been given upon a point in the case, the court may refuse other instructions tendered, which would not furnish additional aid to the jury in reaching a proper verdict.   (p. 3).

4. SAME—*Misdemeanor—Punishment.*

   A misdemeanor, where no statute fixes the punishment, is punished by fine or imprisonment in the county jail, or both, at the discretion of the court.   (p. 4).

Error to Circuit Court, McDowell County.

Kyle Shelton was convicted of keeping a common gaming house, and brings error.

*Affirmed.*

*Joseph M. Crockett,* for plaintiff in error.

*A. A. Lilly,* Attorney General and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

MASON, JUDGE:

Kyle Shelton was indicted in the Criminal Court of McDowell County for keeping a common gaming-house, tried, convicted, and adjudged to pay a fine of $50.00, the costs of the prosecution, and to labor upon the public roads of the county during the term of imprisonment, and that if the fine and costs be not paid on or before the expiration of said imprisonment, that he shall labor on said roads until the fine is paid, allowing him one dollar for each day he works on the roads after the expiration of the "jail sentence" until the fine and costs are satisfied. The defendent carried the case by writ of error to the circuit court of McDowell County, where the judgment of the criminal court was affirmed; and the defendant now brings the case to this court for review on writ of error.

The indictment contains two counts. The defendant moved to quash the indictment. No objection to either count of the indictment is pointed out by counsel, and none is perceived by this court. The defendant pleaded not guilty, and moved the court to require the State's attorney to elect which count of the indictment he would rely upon for conviction; which motion was overruled, and the defendant excepted. Each count charges the defendant with keeping a common gaming-house. They charge the same offense—that of keeping a common gaming-house,—but they charge it (the offense) in different ways, for the purpose of meeting the evidence as it may come out on the trial. This is a prudent and frequent practice, and an entirely proper one. It is well settled in this State that where an indictment contains two or more counts—all good,— and the charges are of the same general character, and the counts are manifestly inserted to meet different phases of the evidence, the indictment will not be quashed neither will the prosecutor be required to elect upon which count he will proceed to trial. *State* v. *Smith,* 24 W.

Va. 814; *State* v. *Shores,* 31 W. Va. 491; *State* v. *Halida,* 28 W. Va. 499. The court did not err in refusing to require the prosecuting attorney to elect which one of the counts he would rely upon for a conviction.

The court at the instance of the State gave the following instruction to the jury: ''The court instructs the jury that if they believe from the evidence in this case, and that beyond a reasonable doubt, that the defendant kept a common gaming-house, then they should find him guilty, and to constitute the offense, it is not necessary for the State to show that the defendant kept the same for gain or lucre, or that he profited therefrom.'' We perceive no defect in this instruction. It correctly instructs the jury that the evidence required to show the defendant guilty of the charge alleged against him, must be beyond a reasonable doubt, and adds that it is not necessary for the State to show that the defendant kept the same (the gaming-house) for gain or lucre, or that he profited therefrom. One of the allegations of the indictment, following the usual form, was that the defendant kept the house for ''lucre and gain.'' It was entirely proper that the court should say to the jury that it was not necessary to prove this allegation. This court has recently said, in the case of *State* v. *Baker,* 69 W. Va. 266-7, that, ''The fact that it is not proven that defendants kept the room for lucre is not material. True, some authorities hold that to constitute the offense of keeping a common gaming-house it must be alleged and proven that it was kept for gain or lucre; but the better opinion, as well as the weight of authority, is to the contrary. The offense consists in the keeping of a gaming-house; the keeping of such house is, in law, a public nuisance; its character as a nuisance in nowise depends upon the matter of profit to those who maintain it.''

The defendant also complains that the court refused to give for him the following instruction: ''The court instructs the jury that if any juror has a reasonable doubt as to the defendant's guilt, they cannot find him guilty.'' This was not error in view of the fact that the court had already at the instance of the defendant given the following instruction: ''The court instructs the jury that the defendant is presumed

to be innocent, and that the presumption follows him throughout the trial, and that they cannot find him guilty unless they believe he kept the gambling house as charged in the indictment, beyond a reasonable doubt." This instruction covers everything contained in the one not given, and it was not necessary to repeat what had already been said. A repetition would not aid the jury in reaching a proper verdict. If by this instruction the defendant intended to have the court say that the verdict must represent the unanimous judgment of the jurors, he was unfortunate in expressing it. And then he could easily have ascertained whether or not it was the verdict of every juryman by having the jury polled when the verdict was returned and before the jury was discharged.

It is insisted that the verdict is not supported by the evidence. The evidence shows very clearly and plainly that the house was used as a common gaming-house. The evidence as to this is abundant and overwhelming. The evidence as to who was the keeper of the place is almost as clear. The building in which the gaming took place is a two story house; one room on the first floor and two rooms on the second floor. The stairway is located inside the lower room, and the only way to get up stairs is to pass through this room. One witness says the defendant told him that he had rented it "to run a restaurant and soft drink stand." It is shown that the defendant occupied the lower room, and that persons going up to the rooms where the gambling was done, passed through this room. It is shown that the defendant was very frequently in the rooms and engaged in the gambling, and on occasions sold gaming "chips." It was also proved that when he was arrested he gave the key of the place to a man and sent him to get some clothing belonging to defendant, which was found up stairs in one of the rooms. In short, the jury was justified in reaching the conclusion, beyond a reasonable doubt, that a common gaming-house was kept in this building by the defendant.

Counsel insists that punishment by confinement in the county jail was not authorized by law. It is contended that because keeping a common gaming-house is a misdemeanor at common law, the defendant can be punished only as pre-

scribed by the common law, and that at common law the offense of keeping a common gaming-house was punished by fine only. It is true that the keeping of a common gaming-house is a misdemeanor at the common law, and consequently a violation of the law of this State. By the Constitution of this State, "Such parts of the common law, and of the laws of this State as are in force when this article goes into operation, and are not repugnant thereto, shall be and continue the law of the State until altered or repealed by the Legislature." Art. 8, sec. 21. There is no statute in this State repealing the common law as to the offense of keeping a common gaming-house, or prescribing the punishment for this particular offense. But it is a misdemeanor, and this court held in the case of *Ex parte Garrison,* 36 W. Va. 686, that "a misdemeanor, where no statute fixes the punishment, is punished by fine or imprisonment in jail, or both, at the discretion of the court." Counsel for defendant contends that this refers only to offenses made misdemeanors by the statute, but in which the statute fixes no punishment. Counsel refer to the opinion of this court in the case of *Ex parte Garrison,* *supra,* as authority for this contention. That case states as plainly as can be expressed in any language how misdemeanors are punished in this State. It does not admit of the construction given it by the learned counsel for the defendant.

Misdemeanors include so many grades of offenses, ranging from those slight offenses requiring but little punishment up to offenses approaching near the grade of felonies, that it is the policy of the Legislature to leave much in the way of the quantum of punishment to the courts. In cases where the Legislature has not fixed the punishment, the power of the courts, in misdemeanors, is limited only by the constitutional provision, section 5 of article 3, that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offense."

In the case at bar the offense was committed openly, flagrantly, and repeatedly. The defendant took the chances, and lost. He is in no position to complain of the rigors of a law he defied. The proof clearly establishes his guilt. No

testimony was offered in his defense. He was convicted by a jury selected from among his fellow-citizens. The trial judge evidently approved the verdict. He.entered such judgment as will doubtless have a salutary effect on Shelton, and be a wholesome warning to like offenders. The judge of the circuit court of the county reviewed the judgment and found no fault with it; neither do we.

The judgment of the circuit court will be affirmed.

*Affirmed.*