# CHARLESTON.

## Ex Parte Philip Gilbert.

Submitted September 6, 1916.    Decided September 19, 1916.

1 . Statutes—*Appeal—Implied Appeal.*

A statute covering the whole subject matter of an earlier one or the whole of some branch of the common law, not purporting merely to amend such statute or modify such law, and plainly showing it was intended to be a substitute therefor, works a repeal thereof by implication.   (p. 659).

2. Criminal Law—*Justices of the Peace—Jurisdiction—Statutes.*

The sections of ch. 50 of the Code, relating to the jurisdiction of justices of the peace in criminal cases, deal fully and comprehensively with that subject and are construed and interpreted as having been intended by the legislature to constitute the exclusive rule and law defining such jurisdiction and prescribing the mode of exercise thereof, and to be a substitute for all former statutory or common law pertaining to that subject.   (p. 659).

3. Same—*New Trial—Power to Grant.*

No provision having been made in such sections for allowance of a new trial to a defendant in a criminal case, a justice has no jurisdiction to set aside a judgment of conviction of a misdemeanor, rendered by him in a case of which he has jurisdiction, and grant a new trial, at the instance of the defendant.   (p. 659).

4. Same—*Appeal—Right to—New Trial.*

The constitution of the state guarantees to the accused an appeal from a judgment of a justice, in a criminal case, as a matter of right, but not a new trial for error in the exercise of the justice's jurisdiction.   (p. 659).

Application by Philip Gilbert for writ of habeas corpus against J. Frank Johnson, Sheriff.

*Writ refused, and prisoner remanded.*

*Joseph M. Crockett,* for petitioner.

*Fred O. Blue* and *Jno. T. Simms,* for respondent.

Poffenbarger, Judge :

The material facts upon which the relator founds his claim to right of discharge from the custody of a sheriff, on

this writ of habeas corpus, are not in controversy. On a warrant, the sufficiency of which is not questioned, he was convicted of a misdemeanor under sec. 31, ch. 32A, Barnes' Code, by a justice of the peace, on the 28th day of July, 1916, and regularly committed to lawful custody. On the next day, the justice, on the motion of his counsel, granted a new trial, fixing the second day thereafter, July 31, 1916, for the hearing thereof. The sheriff failing to produce the body of the prisoner for such new trial, on that day, the justice entered upon his docket an order reciting the fact and discharged the prisoner, and then issued a writ commanding the sheriff to release him, which was ignored and disobeyed, on the assumption of lack of jurisdiction or power in the justice, to award a new trial in a criminal case. It is further contended that if the law vests such jurisdiction in him, his action in this case was void for want of notice to the prosecuting attorney of the county and the sheriff. If the first contention is sound, the second suggested inquiry does not arise.

Though sec. 219 of ch. 50 of the Code, in general terms, confers upon justices of the peace, jurisdiction to hear and determine certain classes of criminal cases, and sec. 32 of ch. 32A, Barnes' Code, gives jurisdiction to hear and determine cases of the class to which that against the prisoner belongs, it does not necessarily follow that justices have jurisdiction to grant new trials in such cases, if it were conceded that they had such power at common law; for secs. 219 to 230, inclusive, of ch. 50 of the Code, comprehensively and, in some instances, minutely prescribe the mode of procedure in such cases, wherefore, under an established rule of interpretation, they may well be deemed to have been intended by the legislature, to take the place of the common law, and to constitute an exclusive rule limiting and defining the jurisdiction and procedure in that class of cases. One of these sections, 230, gives the accused an appeal to the circuit court as a matter of right. However guilty he may be, he has absolute power to require the justice to enter such a judgment as will confer upon him right to appeal. Nowhere in that department or division of the chapter is any authority to grant a new trial

conferred upon the justice. The usual procedure is an appeal. This is the only instance of an attempt by a justice to grant a new trial in a criminal case, that has been brought to the attention of this court.

That the criminal jurisdiction of justices is purely statutory, finds countenance and support in the language of the constitution declaring that "They shall be conservators of the peace and have such jurisdiction and power in criminal cases as may be prescribed by law." Art. VII, sec. 28. Nowhere in that instrument is there a manifestation of intent to recognize or continue any prior jurisdiction justices may have possessed, beyond the taking effect of a new act defining their powers. Under this mandate, the legislature has conferred certain jurisdiction and prescribed certain modes of procedure. To say justices possess any jurisdiction in such cases beyond that conferred by the statute, would be inconsistent with the terms of the constitutional provision. The organic law respecting the civil jurisdiction of justices is much broader in its terms, but expressions of judicial opinion that their civil jurisdiction is purely statutory, are not wanting. *Elkins* v. *Michael,* 65 W. Va. 503, 505; *Staunton-Belmont Co.* v. *Case,* 47 W. Va. 779, 784; *Johnson* v. *Hunter,* 50 W. Va. 52, 57. This conclusion seems to be largely the result of the operation of the rule of construction under which a statute dealing fully and comprehensively with its subject matter is deemed to be the exclusive rule or body of law applicable thereto. An illustration of its operation is found in the construction given the statute relating to divorce and alimony. *Chapman* v. *Parsons,* 66 W. Va. 307, 311; *Cariens* v. *Cariens,* 50 W. Va. 113.

The first 218 sections of ch. 50 define the jurisdiction, and prescribe the procedure, of justices in civil cases. In this department or division of the chapter, there is a provision for the granting of new trials. Section 115 empowers a justice to set aside his judgment, within two weeks after the entry thereof, and grant a new trial, on the motion of either party, the other, his agent or attorney, being present, or having had reasonable notice of the motion. All that precedes and follows this provision, down to section 219, relates

to civil cases, and its terms, to have full and complete operation, must be limited to that class of cases, for they contemplate cases in which either party may have a new trial, an impossible situation in criminal cases, in view of the former jeopardy clause of the constitution, inhibiting a new trial at the instance of the state without the consent of the prisoner. *Commonwealth* v. *Goddard*, 13 Mass. 455. The limitation thus appears by both the context and the terms of the section, generally regarded as being infallible indices of legislative intent and purpose.

Nothing perceived in the constitution withholds from the legislature, power to authorize justices to grant new trials to defendants in criminal cases, but it is equally apparent that nothing therein requires it to do so. The right of appeal in such cases is guaranteed, but that of a new trial, ordinarily incident to judicial proceedings, is not. Whether it should be allowed is not, therefore, a question of constitutional right, but one of mere policy lying within the province of the legislature. Why that body has seen fit to accord it in civil cases, notwithstanding the absolute right of appeal in them, and withhold it in criminal cases, it is not the duty of the court to inquire. Nor does the discrimination invalidate the statute. Radical difference in the two classes of proceedings, respecting their natures and purposes, afford ample ground for the exercise of legislative discretion as to the procedure. What may be allowed in one class, in furtherance of justice and without public detriment, might impede justice and work public mischief in the other.

From the principles and conclusions stated, it results that the entry made by the justice in his docket on July 31, 1916, and all his other proceedings on that day, respecting the judgment previously rendered by him, are void for want of jurisdiction, and the relator must be remanded to the custody of the sheriff of McDowell County.

*Writ refused, and prisoner remanded.*