GARDEN, JUDGE:
By decision of this Court issued on October 22, 1974*, the claim of Maryland Casualty Company for refund of its forfeited liquor license bond was denied. A Class C license issued by the Alcohol Beverage Control Commission had been revoked by reason of the conviction of the licensee before a justice of the peace for violation of Code 61-10-6, permitting gaming on tavern premises. The statutory bond upon which claimant was surety was thereafter declared forfeited and upon demand of the Commissioner claimant paid over the penal sum.
The claim for refund was denied by this Court on the ground that the attempted appeal by the licensee was untimely and the conviction had become final.
*187 Claimant, upon rehearing, now contends that the conviction was void for want of jurisdiction and that the bond forfetiture should be set aside.
We concur. Justices of the peace can exercise no criminal jurisdiction other than that conferred by statute. State v. McKain, 56 W.Va. 128, 49 S.E. 20. The general jurisdiction of justices over misdemeanors is found in Code 50-18-1. Many other offenses are brought within the jurisdiction of justices by specific statutes. See footnote to Code 50-18-1. We find no statute giving a justice of the peace jurisdiction over the offense of gaming with which the licensee was charged under Code 61-10-6. Lacking jurisdiction, the judgment of conviction was void.
A void judgment is a mere nullity and “. . . it may be, at any time and in any court having jurisdiction, attacked directly or collaterally.” State ex rel. Valley v. Oakley, 153 W.Va. 94, 100, 168 S.E.2d 532 (1969).
It is regrettable that counsel for claimant failed to raise the jurisdictional issue at the original hearing. However, in the interests of justice the decision of October 22, 1974 denying the award is hereby vacated and the award is now granted in the sum of $2500.00.
Award of $2500.00.

 See Maryland Casualty Company v. Alcohol Beverage Control Commission, 10 Ct. Cl. 126.