677 S.E.2d 655

STATE of West Virginia, Plaintiff
Below, Appellee,

v.

Michael S. HUTZLER, Defendant
Below, Appellant.

No. 34158.

Supreme Court of Appeals of
West Virginia.

Submitted March 10, 2009.

Decided May 14, 2009.

Kevin D. Mills, Esq., Mills & Wagner, Martinsburg, WV, for Michael S. Hutzler.

Christopher C. Quasebarth, Esq., Chief Deputy Prosecuting Attorney, Martinsburg, WV, for the State.

BENJAMIN, Chief Justice:

The appellant, Michael S. Hutzler, appeals his conviction of felony destruction of property in the Circuit Court of Berkeley County on the bases that the double jeopardy clauses of the federal and state constitutions bar the conviction and the State wrongfully destroyed evidence. After considering the parties' arguments, the record below, and the applicable law, we find no merit to the appellant's assignments of error. Accordingly, we affirm.

## I.

### FACTS

The appellant was originally charged in the Magistrate Court of Jefferson County with the misdemeanor offenses of domestic assault, assault, possession of cocaine, knowingly giving false or misleading information to a member of the West Virginia State Police, destruction of property, and the felony offenses of grand larceny and burglary.

The State alleged below that in the early morning hours of October 16, 2005, the appellant broke and entered the residence of his former girlfriend, Sharla K. Hollida, which is located in Martinsburg in Berkeley County. While at Ms. Hollida's residence, the appellant damaged and stole various items.

The State further alleged that Ms. Hollida returned home and discovered the appellant in the act of burglarizing her home. At that point, Ms. Hollida called her boyfriend John Campbell and the police. She then left to meet Mr Campbell with whom she returned to her residence to find the appellant still there. The appellant then entered his vehicle and chased Mr. Campbell's vehicle, in which Ms. Hollida was a passenger, into adjoining Jefferson County where the appellant attempted to run Mr. Campbell's vehicle off the road. In Jefferson County, the appellant was stopped by State Trooper M.J. Glende who discovered property belonging to Ms. Hollida in the appellant's vehicle. Upon being questioned about this property, the appellant lied to State Trooper Glende regarding its ownership. Also at this time, State Trooper Glende discovered a small amount of cocaine in the appellant's vehicle. The appellant subsequently admitted his actions in a written statement taken by Trooper Glende which confirmed Ms. Hollida's description of the events.

A preliminary hearing was ultimately held in the Magistrate Court of Jefferson County on the charges brought against the appellant. At that hearing, the appellant pled guilty to the misdemeanor offenses of domestic assault and assault. He was sentenced to six months of imprisonment on each charge, with each sentence to run consecutively. These sentences were suspended in lieu of six months unsupervised probation per charge for a total of one year unsupervised probation. A condition of probation was that the appellant pay within 90 days $5,000 in restitution to Ms. Hollida. The remaining charges of burglary, grand larceny, destruction of property, possession of cocaine, and false information were dismissed. On the disposition sheets of these charges there are notations that each charge was "dismissed per plea." On March 28, 2007, the Magistrate Court of Jefferson County discharged the appellant from probation due to the successful completion of the terms and conditions of the probation as set forth in the plea agreement.

Meanwhile, in February 2007, the appellant was indicted in Berkeley County for burglary, grand larceny, and felony destruction of property arising from the same events which gave rise to the Jefferson County charges against the appellant. The appellant subsequently filed motions to dismiss these charges based on double jeopardy and the State's destruction of potentially exculpatory blood evidence. With regard to the destruction of evidence, Trooper Glende had de-

stroyed blood evidence taken from Ms. Hollida's vehicle and residence apparently due to his belief that all of the charges against the appellant had been dismissed per the appellant's plea in the Magistrate Court of Jefferson County. In support of his motion to dismiss, the appellant provided affidavits from himself and his counsel in which both swore to their understanding that all of the charges had been dismissed with prejudice by the magistrate court as part of the appellant's plea. The State responded to the motion to dismiss arguing that the Magistrate Court of Jefferson County never had jurisdiction over the burglary, grand larceny, and destruction of property charges, and that the charges were dismissed for lack of jurisdiction rather than pursuant to the plea agreement. In support of its response, the State included the affidavit of the Assistant Prosecuting Attorney of Jefferson County in which he swore that he only learned that Jefferson County lacked jurisdiction on the day of the plea hearing at which time he informed the appellant and his counsel that the charges were being dismissed because of a lack of jurisdiction.

By order dated August 31, 2007, the Berkeley County Circuit Court denied the appellant's motion to dismiss the State's prosecution of him in that court. With regard to the appellant's double jeopardy claim, the court found that the burglary, grand larceny, and destruction of property charges all occurred in Berkeley County, and therefore the Magistrate Court of Jefferson County never had jurisdiction of these charges. Because the Magistrate Court of Jefferson County lacked jurisdiction, the appellant had never been placed in jeopardy for these charges in the magistrate court. With regard to the destruction of evidence claim, the court found that the effect of the destroyed evidence was minimal because of the substantial amount of additional evidence that existed against the appellant.

Thereafter, the appellant pled guilty in the Circuit Court of Berkeley County to felony destruction of property. The court sentenced the appellant to not less than one year nor more than ten years, but suspended the sentence in lieu of three years of probation. Significantly, this was a conditional plea pursuant to West Virginia Rule of Criminal Procedure 11(a)(2)[1] wherein the appellant was permitted to preserve his double jeopardy and destruction of evidence claims for appeal to this Court. Accordingly, if the appellant were to prevail on appeal, he would be allowed to withdraw his plea.

By order of June 11, 2008, this Court granted the appellant's petition for appeal. We now proceed to consider the appellant's assignments of error.

## II.

### STANDARD OF REVIEW

We are first asked to review whether the circuit court properly ruled that double jeopardy does not bar the appellant's prosecution in the Circuit Court of Berkeley County. This Court has held that "a double jeopardy claim [is] reviewed *de novo*." Syllabus Point 1, in part, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996). Second, we are asked to review whether the circuit court properly ruled that the State's destruction of evidence does not mandate the dismissal of the charges against the appellant. Concerning this matter, "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges of findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). With these standards to guide us, we proceed to consider the issues herein.

## III.

### DISCUSSION

#### 1. Double Jeopardy

The first assignment of error asserted by the appellant is that the Circuit Court of

---

1. West Virginia Rule of Criminal Procedure 11(a)(2) provides that

   With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

Berkeley County erred in finding that the appellant's prosecution in that court is not barred by the double jeopardy clause.

■ The Fifth Amendment to the United States Constitution provides that "No person shall be ... subject for the same offense to be twice put in jeopardy of life or limb." Likewise, the Constitution of West Virginia, Art. III, Sec. 5 mandates that "No person shall be ... twice put in jeopardy of life or liberty for the same offence." This Court has recognized that

> The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is central to the objective of the prohibition against successive trials. The Clause does not allow the State ... to make repeated attempts to convict an individual for an alleged offense, since [t]he constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.

*State v. Frazier,* 162 W.Va. 602, 622–623, 252 S.E.2d 39, 50–51 (1979), *quoting Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1, 9–10 (1978) (internal quotation marks and citations omitted) (ellipsis in original). We previously explained in *Brooks v. Boles,* 151 W.Va. 576, 153 S.E.2d 526 (1967), that "[o]ne is in jeopardy when he has been placed on trial on a valid indictment, before a court of competent jurisdiction, has been arraigned, has pleaded and a jury has been empaneled and sworn. He is then in danger of conviction and punishment." 151 W.Va. at 583, 153 S.E.2d at 530 (citation omitted). Finally, this Court held in Syllabus Point 1 of *Conner v. Griffith,* 160 W.Va. 680, 238 S.E.2d 529 (1977), that "[t]he Double Jeopardy Clause in Article III, Section 5 of the *West Virginia Constitution,* provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense."

It is the appellant's position that the Magistrate Court of Jefferson County had jurisdiction of the charges against him for burglary, grand larceny, and destruction of property, and in exchange for the appellant's plea of guilty to domestic assault and assault, the Magistrate Court dismissed with prejudice the burglary, grand larceny, and destruction of property charges. The appellant thus concludes that having been put in jeopardy for the offenses of burglary, grand larceny, and destruction of property in the Magistrate Court of Jefferson County, he is now immune from further prosecution for these same charges in the Circuit Court of Berkeley County.

As set forth above, the double jeopardy clause provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. The double jeopardy issue in this case rests on whether the Magistrate Court of Jefferson County had jurisdiction of the burglary, grand larceny, and destruction of property charges against the appellant. If the magistrate court had jurisdiction, the double jeopardy clause bars further prosecution of the appellant for these same offenses. Conversely, if the magistrate court did not have jurisdiction of these offenses, there is no double jeopardy bar to the prosecution of the appellant for these offenses in the Circuit Court of Berkeley County.

■ In regard to the jurisdiction of magistrate courts, this Court has indicated that

> The sections of ch. 50 of the Code, relating to the jurisdiction of [magistrates] in criminal cases, deal fully and comprehensively with that subject and are construed and interpreted as having been intended by the legislature to constitute the exclusive rule and law defining such jurisdiction and prescribing the mode of exercise thereof, and to be a substitute for all former statutory or common law pertaining to that subject.

Syllabus Point 2, *Ex Parte Gilbert,* 78 W.Va. 658, 90 S.E. 111 (1916) (footnote added).[2]

---

**2.** The syllabus in *Gilbert* originally referred to      "justice of the peace" instead of "magistrate."

*See also State v. McKain,* 56 W.Va. 128, 49 S.E. 20 (1904) (stating that "[t]he jurisdiction of [magistrates] is conferred by statute. They can lawfully exercise none not so granted. They have no common-law powers."). In addition, we have held that "[a] duly elected [magistrate] who resides in the district for which he was elected is authorized and empowered to exercise within the county in which such district is located the jurisdiction conferred upon him by the Constitution and the statutes of this State[.]" Syllabus Point 1, in part, *State ex rel. Moats v. Janco, Sheriff,* 154 W.Va. 887, 180 S.E.2d 74 (1971).[3] It is clear then that the jurisdiction of magistrate courts is conferred entirely by the Constitution and by statute.

■ The jurisdiction of magistrate courts is conferred in our State Constitution at Art. VIII, § 10. Specifically, this section provides in relevant part:

> The jurisdiction of a magistrate court shall extend throughout the county for which it is established, shall be uniform for all counties of the State and shall be subject to such regulations as to venue of actions and the counties in which process may be executed or served on parties or witnesses as may be prescribed by law. The times and places for holding such courts shall be designated or determined in such manner as shall be prescribed by law.
>
> Magistrate courts shall have such original jurisdiction in criminal matters as may be prescribed by law, but *no person shall be convicted or sentenced for a felony in such courts.* (Emphasis added).

The criminal jurisdiction of magistrate courts is also prescribed in W.Va.Code § 50-2-3 (1993), and provides, in applicable part, that "magistrate courts shall have jurisdiction of all misdemeanor offenses committed in the county[.]" Therefore, we now hold that pursuant to this State's constitutional and statutory law, a magistrate court does not have jurisdiction to convict or sentence a criminal defendant for a felony offense or an offense that is not committed in the county in which the magistrate court is established. *See Golden v. Board of Ed., Harrison County,* 169 W.Va. 63, 285 S.E.2d 665 (1981) (finding that magistrate did not have jurisdiction to enter order showing that defendant was guilty of misdemeanor upon *nolo contendere* plea to felony charge);[4] *Guthrie v. Boles,* 261 F.Supp. 852, 856 (N.D.W.Va.1967) (recognizing that "[i]t is equally as clear that a [magistrate] does not have the authority to accept a plea in a felony case.").

■ In the instant case, the Magistrate Court of Jefferson County clearly did not have jurisdiction of the burglary and grand larceny offenses because these offenses are felonies. Because the magistrate court did not have jurisdiction of these felony offenses, the appellant was never in jeopardy for these offenses in the Magistrate Court of Jefferson County. Therefore, we find that the double jeopardy clause did not bar the appellant's subsequent indictment for the felony offenses of burglary and grand larceny in the Circuit Court of Berkeley County.

■ In regard to the misdemeanor destruction of property charge in the Magistrate Court of Jefferson County, it is the appellant's position that the magistrate court had jurisdiction of the misdemeanor destruction of property offense because a substantial element of the offense allegedly was committed in Jefferson County. The appellant relies on W.Va.Code § 61-11-2 (1969), which provides that

> When an offense is committed partly in one county and partly in one or more other counties within this State, it may be alleged that the offense was committed and the accused may be tried in any one county in which any substantial element of the offense occurred.

Article VIII, § 15 of the Judicial Reorganization Amendment of 1974 abolished the office of justice of the peace effective January 1, 1977. Although *Gilbert* was decided prior to the Judicial Reorganization Amendment, the operative principle articulated in Syllabus Point 1 and quoted above remains valid.

3. *See* n. 3, *supra.*

4. In *Golden,* the Court indicated that the magistrate's lawful authority in that case, upon a finding of probable cause on the felony charge, was to bind the case over to the circuit court grand jury.

Specifically, the appellant argues that the State included the victim's property found in the appellant's truck in Jefferson County in determining the total value of the destroyed property for the purpose of charging the appellant with destruction of property in the Magistrate Court of Jefferson County. According to the appellant, a substantial element of misdemeanor destruction of property is the carrying away of property. The appellant concludes that because he allegedly carried away the victim's property to Jefferson County, a substantial element of the offense of misdemeanor destruction of property occurred in Jefferson County, making venue in that county permissible. We find absolutely no merit to this argument.[5]

The elements of the offense of misdemeanor destruction of property are found in W.Va. Code § 61–3–30(a) (2004), which provides in part that "[i]f any person unlawfully, but not feloniously, takes and carries away, or destroys, injures or defaces any property, real or personal, of another, he or she is guilty of a misdemeanor."[6] It is clear to this Court that all of the elements of the alleged offense of destruction of property occurred at the victim's residence in Berkeley County. It was at the victim's residence that the appellant took and carried away, destroyed, injured, or defaced the victim's property. We find therefore that the Magistrate Court of Jefferson County did not have jurisdiction of the offense of misdemeanor destruction of property as alleged by the State because all

of the substantial elements of the offense occurred in Berkeley County.

In sum, having determined that the Magistrate Court of Jefferson County did not have jurisdiction of the offenses of burglary, grand larceny, and destruction of property with which the appellant was charged, we find that the appellant was never in jeopardy for these offenses in the Magistrate Court of Jefferson County. Accordingly, double jeopardy did not bar the subsequent prosecution of the appellant for these offenses in the Circuit Court of Berkeley County.[7]

### 2. Destruction of Evidence

■ The second assignment of error raised by the appellant is that the Circuit Court of Berkeley County erred in failing to dismiss the indictment against the appellant in light of the State's destruction of potentially exculpatory evidence.

As noted above, Trooper Glende destroyed blood evidence taken from the victim's vehicle and residence apparently due to his belief that all of the charges against the appellant had been dismissed with prejudice per the appellant's plea in the Magistrate Court of Jefferson County. The Circuit Court of Berkeley County found that the effect of the destroyed evidence was minimal because of the substantial amount of additional evidence that exists against the appellant. In challenging the circuit court's ruling, the appellant now argues that because the blood evidence would conclusively prove the appel-

---

**5.** The appellant makes the same argument regarding the offenses of burglary and grand larceny. Because we determine that the magistrate court did not have jurisdiction of these offenses based on the fact that these offenses are felonies, we need not address this argument.

**6.** West Virginia Code § 61–3–30(b) provides for the offense of felony destruction of property. According to this code section,

Any person who unlawfully, willfully and intentionally destroys, injures or defaces the real or personal property of one or more other persons or entities during the same act, series of acts or course of conduct causing a loss in the value of the property in an amount of two thousand five hundred dollars or more, is guilty of the felony offense of destruction of property and, upon conviction thereof, shall be fined not more than two thousand five hundred dollars or imprisoned in the state correctional facility for not less than

one year nor more than ten years, or in the discretion of the court, confined in the county or regional jail not more than one year, or both fined and imprisoned.

**7.** In support of the appellant's position that the double jeopardy clause bars his prosecution in the Circuit Court of Berkeley County, the appellant claims that the circuit court confused the issues of venue and jurisdiction in rendering its decision. The appellant also asserts that the circuit court clearly erred in making the factual determination, based on the evidence, that the offenses of burglary, grand larceny, and destruction of property were dismissed for lack of jurisdiction instead of per the plea agreement in the Magistrate Court of Jefferson County. Because we conclude that the magistrate court did not have jurisdiction of the offenses of burglary, grand larceny, and destruction of property as a matter of law, we do not find it necessary to consider these specific arguments.

lant's guilt or innocence of the offenses charged, the evidence's destruction has deprived the appellant of his best defense. Therefore, concludes the appellant, to permit the State to prosecute the appellant is fundamentally unfair. We reject the appellant's argument.

█ It is not disputed that the State destroyed evidence that would have been admissible at trial and that the State had a duty to preserve. The issue, rather, is what consequences should flow from the State's action. In Syllabus Point 2, in part, of *State v. Osakalumi*, 194 W.Va. 758, 461 S.E.2d 504 (1995), this Court held, in part, that

> In determining what consequences should flow from the State's breach of its duty to preserve evidence, a trial court should consider (1) the degree of negligence or bad faith involved; (2) the importance of the missing evidence considering the probative value and reliability of secondary or substitute evidence that remains available; and (3) the sufficiency of the other evidence produced at the trial to sustain the conviction.

The first factor to be considered under the *Osakalumi* test is "the degree of negligence or bad faith involved." The appellant acknowledges in his brief that Trooper Glende destroyed the evidence under a good faith belief that the appellant's plea in magistrate court had resolved the entire case. The second factor to be considered is the importance of the missing evidence considering the probative value and reliability of secondary or substitute evidence that remains available. With regard to substitute evidence, there are two witnesses who can place the appellant at the scene of the offenses, one of whom is the appellant's former girlfriend. In addition, the appellant was apprehended by the State Police in Jefferson County and found to be in possession of property taken from the scene of the alleged offenses. Further, the appel-

lant admitted in a written statement taken by Trooper Glende that he broke into the victim's home and took some of her property. He also admitted to chasing Mr. Campbell's vehicle in his own vehicle. Finally, the third factor is the sufficiency of this other evidence to sustain a conviction. As set forth above, there is doubtless sufficient secondary evidence against the appellant to sustain a conviction.

Based on the fact that the evidence at issue was not destroyed in bad faith, the limited importance of the destroyed evidence in light of the substantial probative value and reliability of the remaining evidence, and the fact that there is clearly sufficient evidence to sustain the appellant's convictions of the alleged offenses, we find no error in the circuit court's denial of the appellant's motion to dismiss the charges against the appellant on the basis of the destroyed evidence.

## III.

### CONCLUSION

Having concluded that the appellant's prosecution in the Circuit Court of Berkeley County for burglary, grand larceny, and destruction of property was not barred by the double jeopardy clause and should not have been dismissed as a result of the State's destruction of evidence, we affirm the January 6, 2008, order of the circuit court adjudging the appellant guilty of felony destruction of property and sentencing him to three years of probation.

Affirmed.