# Wheeling.

## MARTIN CONLEY vs. THE STATE.

## IDEM vs. IDEM.

### July Term. 1872.

An indictment for selling spirituous liquors without a license, charges that the defendant, at his store house and dwelling house in Pennsboro, in said county, did sell, &c., and it is held, on motion to quash, that it was not intended to charge two distinct sales at different places, but rather to describe the store and dwelling house as constituting one building and one and the same place: and, therefore, there were not two distinct offenses charged in the same count.

Indictment found in August, 1871. Trial and verdict for State, April term, 1872, in circuit court of Ritchie county.

The only question reserved was the motion to quash the indictment, concerning which the opinion of President Berkshire contains a statement.

The defendant brought the case here for review.

*R. S. Blair* for the plaintiff in error.
The Attorney General for the State.

BERKSHIRE P. These cases being alike were submitted and considered together.

The only question reserved on the record was the motion to quash the indictments, upon the ground, as it was insisted here, that two distinct offenses are charged in one count in each of the indictments.

The charges in the indictments are, that the defendant, on a certain day, and without having first procured the proper

authority according to law, did "at his store house and dwelling house, in Pennsboro, in said county," sell and offer to sell by retail, spirituous liquors, &c.

It is very evident, I think, that the attorney for the State did not intend to charge two distinct sales at different places, that is, that the defendant sold at his store house and *also* sold at his dwelling house in Pennsboro, but rather to describe the store and dwelling house (where the sale was made) as constituting *one* building, and one and the same place. And this, it seems to me, is the proper construction that ought to be applied to the same, especially as it does not appear that the defendant attempted, on the trial, to show that his store and dwelling house were *in fact* separate and distinct buildings or places.

I think the judgments ought to be affirmed with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.