STATE OF WEST VIRGINIA *v.* J. J. KEIFFER

(No. 7087)

Submitted March 29, 1932.    Decided April 5, 1932.

*Dillon, Mahan & Holt,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

O. H. and J. J. Keiffer, brothers, were found guilty of a charge of extortion. The verdict was set aside as to O. H. but confirmed as to J. J. and he was sentenced to the penitentiary. He then secured a writ of error.

The evidence of the state shows that in October, 1930, O. H., who was an officer of the law, acting under a search

warrant, planted and pretended to find a jar of whiskey in a room occupied by W. J. Walker and claimed falsely to find a still on the premises; that O. H. allowed J. J., who was not an officer, to assume charge and to impress upon Walker that there was sufficient evidence for a conviction but that he might be able to arrange a release; that J. J. secured from Walker a postdated check of $200.00 to prevent prosecution; and that Walker paid $25.00 on the check and afterwards repudiated it. The Keiffers deny the charge, but the evidence of the state is ample to sustain it.

The indictment alleges that the two Keiffers "did unlawfully and feloniously threaten to place a criminal charge against W. J. Walker wherein the said W. J. Walker was to be charged with a violation of the prohibition law, and thereby injure the good name, character and person of the said W. J. Walker and did unlawfully and feloniously extort One Hundred (100.00) Dollars in money and a certain bank check or voucher for money of and from the said W. J. Walker, he, the said W. J. Walker being innocent of any charge such as he was being threatened with having committed against the peace and dignity of the State."

Counsel for the accused contended that the indictment is insufficient because (a) no casual connection is shown between the threat and the extortion, and (b) the money and check extorted are not sufficiently described, etc. We are of opinion that the word "thereby" connects the threat with the money extorted as well as with the good name of Walker and that casual connection is shown. The check is not sufficiently described and reference to it will be treated as surplusage. Code 1923, chapter 144, section 13 was in effect when this offense was committed, and provides as follows: "If any person threaten injury to the character, person or property of another, or accuse him of any offense, and thereby extort money or pecuniary benefits, he shall be confined in the penitentiary not less than one, nor more than five years." In charging that the accused extorted "One Hundred (100.00) Dollars in money," the indictment follows the language of the statute. The indictment is therefore sufficient as it ordinarily

suffices to allege an offense in statutory language. *State* v. *Masters,* 106 W. Va. 46, 48, 144 S. E. 718, and cases cited.

Counsel refer again to the check in discussing the evidence. We deem it unnecessary to consider the effect of the check as it is established that J. J. obtained $25.00 in money from Walker. Counsel further contend that the proof does not show a threat from either of the Keiffers. It is true that no specific threat was proven. But the conduct and the representations of the Keiffers constituted a threat just as effectively as if the threat had been actually spoken.

Counsel say that the lower court having found the evidence insufficient as to O. H., should have made the same finding as to J. J. We may concede that the lower court was inconsistent. But we cannot resolve that inconsistency in favor of J. J., because we see no satisfactory reason for releasing O. H.

Counsel complain that Walker was permitted to show his previous good character, when it was not in issue. Walker was permitted to testify that he had never been charged with crime prior to the accusation made by the Keiffers. This evidence was permissible to show the effect on Walker of, and his reaction to, the accusation. Moreover, we do not see how it was prejudicial to the Keiffers.

Counsel complain of the introduction of a publication in the newspaper warning the public that the check delivered to J. J. by Walker had been obtained by duress. This was improper; but J. J. was permitted to introduce a counter publication denying the duress, and we are of opinion that the error is not material.

Counsel also criticise certain instructions by the court. What we have heretofore said answers this criticism.

After the verdict, affidavits were filed which stated that a juryman had been heard to express an opinion before the trial as to the guilt of the accused. The examination of this juror on his *voir dire* is in the record. From that examination he was qualified to serve. See *State* v. *Camp,* 110 W. Va. 444 (point 2 of syl.), 158 S. E. 664.

Perceiving no prejudicial error, the judgment of the circuit court is affirmed.

*Affirmed.*